IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT ALPERT** | § | |
| | § | |
| vs. | § | CASE NO. _____ |
| | § | |
| **THE BENNETT LAW FIRM, P.C.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT SEEKING ARBITRATION AWARD

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff, Robert Alpert ("Plaintiff"), and files his Original Complaint Seeking to Confirm Arbitration Award against Defendant, The Bennett Law Firm, P.C. ("Defendant"), and in support thereof would show the Court the following:

### PARTIES

1. Plaintiff is a citizen of Arizona.

2. Defendant is a professional corporation organized under the laws of the State of Texas which has its principal place of business in Houston, Harris County, Texas. Defendant may be served through its registered agent, Robert S. Bennett, at his office at 515 Louisiana, Suite 200, Houston, Texas 77002.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332. This is an action between citizens of different states and the amount of statutory and actual damages exceed $75,000.00, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) because the Defendant either resides or does business in the Southern District of Texas and is subject to personal

jurisdiction in the Courts of that district. This is also the district within which the arbitration award was made. Thus, venue is also proper in this district pursuant to 9 U.S.C. §9.

## ARBITRATION AGREEMENT

5. The arbitration from which the award arises was actually filed by Defendant. The dispute related to the fee agreement by which Plaintiff retained Defendant to provide certain legal services and the services provided pursuant to that fee agreement.

6. The only prior action relating to this matter was an action filed in state court by Plaintiff seeking an injunction to prevent the arbitration. Plaintiff's state court action was filed in the 234th District Court of Harris County, Texas under Cause No. 2005-71696.

7. That proceeding was based upon Plaintiff's contention that the arbitration clause upon which Defendant relied in filing the arbitration had not been contained in the agreement with Defendant which Plaintiff signed. In fact, Plaintiff maintained in that state-court action, and continues to believe, that Defendant tricked him by omitting the clause from the agreement sent for Plaintiff's signature and later adding additional pages to the agreement which included an arbitration clause.

8. Notwithstanding Plaintiff's position that his agreement with Defendant did not contain an arbitration clause, Plaintiff ultimately agreed to arbitrate his dispute with Defendant, and the state court proceeding was dismissed by Plaintiff on January 12, 2006.

9. While Plaintiff disputed, and continues to dispute that he had agreed to an arbitration clause when hiring Defendant, Plaintiff ultimately agreed to the arbitration because of the litigation tactics being employed by Defendant and the speedier resolution of Plaintiff's dispute with

Defendant which arbitration afforded. Thus, Plaintiff's agreement to arbitrate the dispute came after the arbitration proceeding had already been initiated by Defendant.

## AWARD ISSUED

10. An arbitration proceeding between the parties was conducted by the American Arbitration Association under Case No. 70 181 00622 05. The merits of the action were tried on April 13 and 14, 2006, before a single arbitrator.

11. The arbitration award in Plaintiff's favor was issued by the arbitrator on April 20, 2006. The award was delivered to the parties on April 21, 2006. A true and correct copy of the award is attached hereto as Exhibit A. This complaint is brought within one year after the award was made.

12. No grounds have been urged by Respondent for vacating or for modifying or correcting such award.

13. The agreement upon which Defendant relied in filing the arbitration proceeding specified that a judgment on the award could be entered by any court having jurisdiction. Venue was not addressed when Plaintiff agreed to arbitrate.

## RELIEF REQUESTED

14. Plaintiff is also entitled to recover the additional fees incurred in this action to confirm and enforce the arbitration award pursuant to Tex. Civ. Prac. & Rem. Code §171.05 and Tex. Civ. Prac. & Rem. Code §38.001. Plaintiff asks this court to confirm the award, and grant additional attorney's fees, costs, and interest upon the award, as provided by law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks this Court to confirm the arbitration award of April 20, 2006 and enter judgment thereon, together with the additional

attorney's fees, costs and interest allowed by law.  Plaintiff also seeks such other equitable relief to which he may be entitled.

    Respectfully submitted,

    **BAYLESS & STOKES**

    By: /s/ Bobbie G. Bayless
        ***Bobbie G. Bayless***
        State Bar No. 01940600
        2931 Ferndale
        Houston, Texas  77098
        Telephone:    (713) 522-2224
        Telecopier:    (713) 522-2218

    ***Attorneys for Plaintiff, Robert Alpert***