IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT ALPERT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1642 |
| | § | |
| THE BENNETT LAW FIRM, P.C., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION

Pending before the court[1] are Plaintiff's motion to dismiss Defendant's counterclaim (Docket Entry No. 20) and Plaintiff's motion to dismiss Defendant's amended counterclaim (Docket Entry No. 23). The court has considered these motions, all relevant filings, and the applicable law. For the reasons set forth below, Plaintiff's motion to dismiss Defendant's counterclaim is **DENIED as MOOT,** and Plaintiff's motion to dismiss Defendant's amended counterclaim is **GRANTED IN PART and DENIED IN PART.**

### I. Case Background

Plaintiff Robert Alpert ("Plaintiff") initiated this action to confirm an arbitrator's award against Defendant The Bennett Law Firm, P.C., ("Defendant").

On April 13-14, 2006, an arbitration proceeding was conducted in Houston, Texas, by J. Scott Sheehan ("Arbitrator") in an attempt

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Docket entry Nos. 28, 33.

to resolve a dispute related to a fee agreement made between the parties for certain legal services.[2] Six days later, Arbitrator notified the parties that he awarded Plaintiff a total of $90,910.97 for "attorneys' fees and expense damages . . . related to [the arbitration] proceeding and the related lawsuit," and an additional $11,368.12 representing a reimbursement for administrative fees and expenses paid for the arbitration.[3]

On May 12, 2006, Plaintiff filed this lawsuit requesting that the court "confirm the award, and grant additional attorney's fees, costs, and interest upon the award, as provided by law."[4] Defendant answered Plaintiff's complaint on June 16, 2006, and filed a counterclaim against Plaintiff on September 5, 2006.[5]

The counterclaim, an almost verbatim recitation of the affirmative defenses asserted by Defendant in its original answer, alleged:

> 7. By entering an award of affirmative relief in favor of [Plaintiff] and against [Defendant], without providing [Defendant] with adequate notice of the claims, a fair opportunity to prepare and present a defense, and in violation of the clear provisions of Texas statutory law regarding the deceptive trade practices allegations, the arbitrator committed acts in violation of the **TEXAS**

---

[2] Plaintiff's Original Complaint Seeking Arbitration Award ("Original Complaint"), Docket Entry No. 1, p. 2.

[3] Id. at Ex. A.

[4] Original Complaint, Docket Entry No. 1, p.3.

[5] Original Answer of Defendant, the Bennett Law Firm, P.C. ("Original Answer"), Docket Entry No. 7; Defendant's Original Counterclaim, Docket Entry No. 15.

**ARBITRATION ACT,** requiring that the award be corrected, modified, or vacated for the following reasons:

    a.  Pursuant to **TEX. CIV. PRAC. & REM. CODE,** § 171 (the "**TEXAS ARBITRATION ACT**") the arbitrator's award should be vacated due to corruption, fraud, other undue means, or prejudice to the rights of Defendant due to certain acts of the arbitrator;

    b.  The arbitrator violated the requirements of the **TEXAS ARBITRATION ACT** §§ 171.088(1), (2) and (3)(d) in the following respects:

        (i).  exercising a manifest disregard of the laws of Texas with regard to the construction of contracts;

        (ii).  failing to render a decision based upon the essence of the contract that was the subject of the arbitration proceeding;

        (iii).  rewriting the terms of the contract to make an agreement that the parties failed to make themselves;

        (iv).  failing to breakdown the claims of Plaintiff allowed in the arbitration award, including the award for attorney's fees and costs;

        (v).  entering an award that was arrived at in an arbitrary and capricious manner;

        (vi).  entering an[] award with manifest disregard for the law;

        (vii).  conducting hearings with opposing counsel at which counsel for Defendant was not allowed to participate;

        (viii).  [a]llowing claims that were not properly before the arbitrator with regard to issues that Defendant was denied a fair opportunity to make discovery regarding the exact allegations asserted and the factual basis for the claims;

        (ix).  [r]efusing to enforce the arbitrator's

>own orders in pre-arbitration proceedings regarding discovery and scope of the arbitration; and
>
>(x). [r]efusing to allow evidence regarding Plaintiff's similar prior acts establishing a pattern of accepting legal services performed by attorneys, and then refusing to pay for them as agreed, establishing a *modus operandi* for obtaining professional services for free or for far less tha[n] the agreed upon rate.
>
>c.   The arbitrator, by his evident partiality, prejudiced the rights of Defendant during the course of the arbitration proceeding by failing to disclose his animosity towards Defendant, and based upon events about which Defendant was not aware prior to the entry of the arbitration award.
>
>8.   Furthermore, this case is not ripe for adjudication in that Defendant is still pursuing his administrative remedies in making a request of the arbitrator for findings of fact and conclusions of law, and to correct, modify or vacate the award.[6]

On November 1, 2006, and on Plaintiff's motion, the court ordered Defendant to provide a more definite statement of its counterclaim, explicitly directing it to, within ten business days, "amend [its] Counterclaim to more specifically allege the complaints now only generally outlined in paragraphs seven and eight."[7] Due to a chain of administrative errors at Defendant's law firm, Defendant did not meet the established deadline.[8] Plaintiff filed his first motion to dismiss premised on this

---

[6]   Defendant's Original Counterclaim, Docket Entry No. 15, pp. 3-4.

[7]   Order, Docket Entry No. 19.

[8]   See Reply to Plaintiff's Motion to Dismiss Counterclaim and Motion to Extend Time to Amend ("Defendant's Motion to Extend Time to Amend Counterclaim"), Docket Entry Nos. 22, 26, pp. 1-3.

failure by Defendant to comply with the court's order.[9]

After becoming aware of the oversight, Defendant, on November 29, 2006, filed a motion to extend its time to amend and submitted an amended counterclaim.[10] The court held a hearing on the matter and granted Defendant leave to amend.[11]

The amended counterclaim augmented sections b.(i)-(iv) and section c. of the original paragraph seven with short statements generally asserting that the arbitrator improperly extended the scope of the arbitration agreement by considering alleged violations of the Deceptive Trade Practices Act ("DTPA"), did not allow reasonable discovery, violated Texas law and the Texas Constitution, and entered his award without specifying the basis of the award.[12] Defendant did not amend or supplement paragraph eight or sections b.(v)-(x) of paragraph seven in any way.[13]

Plaintiff quickly filed a second motion to dismiss Defendant's now-amended counterclaim or, in the alternative, a motion for a more definite statement, arguing that the amended counterclaim "falls far short of the issues raised in Plaintiff's Motion for

---

[9] See Motion to Dismiss Defendant's Counterclaim ("MTD Counterclaim"), Docket Entry 20.

[10] See Defendant's Amended Counterclaim, Docket Entry Nos. 21, 24, 25.

[11] See Courtroom Minutes Order, Docket Entry No. 32.

[12] Defendant's Amended Counterclaim, Docket Entry Nos. 21, 24, 25, pp. 3-6.

[13] Compare Defendant's Amended Counterclaim, Docket Entry Nos. 21, 24, 25, pp. 5-7 with Defendant's Original Counterclaim, Docket Entry No. 15, pp. 3-4.

More Definite Statement."[14]

As this action is between citizens of different states with an amount in controversy of more than $75,000, Plaintiff's case is properly before this court on the basis of diversity jurisdiction. See 28 U.S.C. § 1332(a).  Because the court granted Defendant leave to file its amended counterclaim despite its failure to comply with the court's deadline, Plaintiff's first motion to dismiss (Docket Entry 20) is **MOOT.**

The court considers, below, Plaintiff's second pending motion (Docket Entry No. 23) and all relevant responses thereto.

## II.  Legal Standards

Generally, a pleading which sets forth a claim for relief need only include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  A counterclaim, for instance, conforms with federal standards if it gives "notice of circumstances which give rise to the claim" and "set[s] forth sufficient information to outline the elements of the claim or [to] permit inferences to be drawn that these elements exist."  See Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999).  A pleading that "contains [only] a 'bare bones' allegation that a wrong occurred and . . . does not plead any of the facts giving rise to the injury," though, does not provide

---

[14] Motion to Dismiss Defendant's Amended Counterclaim, or, in the Alternative, for More Definite Statement ("Plaintiff's MTD Amended Counterclaim"), Docket Entry No. 23.

sufficient notice to survive dismissal.  Id.

In cases where a claim "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," the federal rules also allow a party to request that the court require a more definite statement of the alleged causes of action.  See Fed. R. Civ. P. 12(e).  Dismissal of an action is appropriate, though, whenever a counterclaim, on its face, fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).

When considering a motion to dismiss, the court should construe the allegations in the counterclaim favorably to the pleader and accept as true all well-pled facts, but need "not strain to find inferences favorable to the" pleader.  See Cornish v. Corr. Servs. Corp., 402 F.3d 545, 548-49 (5th Cir. 2005)(quoting Southland Sec. Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004)).  The party pursuing the cause of action "must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim."  Kane Enters. v. MacGregor (USA) Inc., 322 F.3d 371, 374 (5th Cir. 2003).  "Conclusory allegations or legal conclusions masquerading as factual conclusions" are not sufficient to prevent a court from granting a motion to dismiss.  Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).  Put simply, dismissal of a claim is improper unless there is no doubt that the party pursuing that

claim will be unable to prove the necessary facts in support of the allegations to entitle it to relief. Cornish, 402 F.3d at 549; Kane, 322 F.3d at 374.

Significantly, the Fifth Circuit recently reiterated that motions to dismiss "are 'viewed with disfavor and . . . rarely granted.'" Fin. Acquisition Ptnrs. v. Blackwell, 440 F.3d 278, 286 (5th Cir. 2006)(quoting Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997))(alteration in original). Given the liberal pleading standard permitted under Rule 8, it is also "clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a [party] to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959).

### III. Analysis

At the onset, the court notes that Defendant failed to amend or otherwise clarify the assertion made in paragraph eight of its counterclaim as required by the Order issued on November 1, 2006.[15] Furthermore, paragraph eight appears to state merely that Plaintiff's cause of action is not ripe for adjudication, an assertion that could not constitute a "counterclaim" in any case. Therefore, any claim premised on the statement made in paragraph

---

[15] See Order, Docket Entry No. 19; Compare Defendant's Amended Counterclaim, Docket Entry Nos. 21, 24, 25, p. 7 with Defendant's Original Counterclaim, Docket Entry No. 15, p. 4.

eight is **DISMISSED.**

Next, the court recognizes that federal law and Texas law both strongly favor arbitration. Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, and the Texas Arbitration Act ("TAA"), the court must confirm an arbitration award unless there are grounds for vacating, modifying, or correcting it. See 9 U.S.C. § 9 ("at any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11"); Tex. Civ. Prac. & Rem. Code § 171.087 ("Unless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, shall confirm the award.").

The TAA directs courts to vacate an arbitration award only in cases where:

    (1) the award was obtained by corruption, fraud, or other undue means;

    (2) the rights of a party were prejudiced by:

        (A) evident partiality by an arbitrator appointed as a neutral arbitrator;

        (B) corruption in an arbitrator; or

        (C) misconduct or wilful misbehavior of an arbitrator;

    (3) the arbitrators:

        (A) exceeded their powers;

>   (B) refused to postpone the hearing after a showing of sufficient cause for the postponement;
>
>   (C) refused to hear evidence material to the controversy; or
>
>   (D) conducted the hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in a manner that substantially prejudiced the rights of a party; or
>
> (4) there was no agreement to arbitrate, the issue was not adversely determined in a proceeding under Subchapter B, and the party did not participate in the arbitration hearing without raising the objection.

Tex. Civ. Prac. & Rem. Code § 171.088. Courts have also held that an award may be vacated in some circumstances if it was rendered with "manifest disregard of the law." Kergosien v. Ocean Energy, Inc., 390 F.3d 346, 353 (5th Cir. 2004); Perry Homes v. Cull, 173 S.W.3d 565, 572 (Tex. App.-Fort Worth 2005, pet. granted); Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P., 105 S.W.3d 244, 252 (Tex. App.-Houston [14th Dist.] 2003, pet. denied).

In all cases, though, judicial review of an arbitration award should be "exceedingly deferential" to the arbitrator and "extraordinarily narrow." Prestige Ford v. Ford Dealer Computer Servs., Inc., 324 F.3d 391, 393 (5th Cir. 2003); Perry Homes, 173 S.W.3d at 572-73. Vacateur will not be supported by a finding of legal or factual error, or by a determination that the court would have arrived at a different conclusion than the arbitrator. Kosty v. S. Shore Harbour Cmty. Ass'n, 2006 Tex. App. LEXIS 6421 (Tex. App.-Houston [1st Dist.] 2006, pet. denied); E. Tex. Salt Water

Disposal Co. v. Hughes, 2006 Tex. App. LEXIS 1058 (Tex. App.-Tyler 2006, pet. denied); Crossmark, Inc. v. Hazar, 124 S.W.3d 422, 429 (Tex. App.-Dallas 2004, pet. denied). "All reasonable presumptions are indulged in favor of the" arbitrator's decision, and none are indulged against it. Cvn Group v. Delgado, 95 S.W.3d 234, 238 (Tex. 2002).

Read broadly, Defendant's amended counterclaim contends, inter alia, that Arbitrator: 1) concealed a relationship that evidenced evident partiality in favor of Plaintiff, 2) refused to hear evidence regarding prior actions by Plaintiff that were material to the dispute, 3) failed to follow the rules established for the arbitration, 4) conducted hearings without allowing Defendant a fair opportunity to participate fully, 5) entered an award that had "no reasonable nexus" to the amount in controversy, and 6) exceeded the authority granted to him by the underlying contract.[16] It also asserts that Arbitrator exercised manifest disregard of the law by arbitrating "matters not included within the scope of the agreement," including alleged violations of the DTPA and other "claims in the future."[17]

These assertions, while arguably broad and undeveloped, sufficiently allege facts that permit an inference that Defendant may have a viable cause of action under the Texas Arbitration Act.

---

[16]   See Defendant's Amended Counterclaim, Docket Entry Nos. 21, 24, 25.

[17]   See id. at 3-4, 5.

Concluding, therefore, that Defendant's amended counterclaim provides adequate notice of circumstances that may give rise to its avowed causes of action, the court must find that the claims articulated in paragraph seven do not require further definition by Defendant at this time, and that they will survive Plaintiff's instant motion to dismiss.

## IV. Conclusion

Based on foregoing law and analysis, Plaintiff's motion to dismiss Defendant's counterclaim (Docket Entry No. 20) is **DENIED as MOOT,** and Plaintiff's motion to dismiss Defendant's amended counterclaim (Docket Entry No. 23) is **GRANTED IN PART** and **DENIED IN PART**.

**SIGNED** in Houston, Texas, this 11th day of April, 2007.

Nancy K. Johnson
United States Magistrate Judge

12