```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION

ROBERT ALPERT,                      §
                                    §
        Plaintiff,                  §
                                    §
v.                                  §    CIVIL ACTION NO. H-06-1642
                                    §
THE BENNETT LAW FIRM, P.C.,         §
                                    §
        Defendant.                  §
```

**MEMORANDUM OPINION**

Pending before the court[1] are Plaintiff's motion for summary judgment (Docket Entry No. 39) and Defendant's cross motion for summary judgment (Docket Entry No. 42). The court has considered these motions, all relevant filings, and the applicable law. For the reasons set forth below, Plaintiff's motion for summary judgment is **GRANTED,** and Defendant's cross motion for summary judgment is **DENIED.**

### I. Case Background

Plaintiff Robert Alpert ("Plaintiff") initiated this action to confirm an arbitrator's award against Defendant The Bennett Law Firm, P.C., ("Defendant").

On or about January 24, 2005, Plaintiff retained Defendant to represent him for purposes of the "Mark Riley Litigation."[2] During

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Docket entry Nos. 28, 33.

[2] See Appendix, Docket Entry No. 45, "Firm Retainer Agreement," pp. 1-10 (BATES stamp nos. 338-347).

the course of that representation, a dispute arose between the parties related to the legal fees owed by Plaintiff, and Defendant demanded on August 10, 2005, that the disagreement be arbitrated by the American Arbitration Association ("AAA").[3]  Although he initially protested the validity of Defendant's arbitration demand, Plaintiff consented to the arbitration on or around February 16, 2006, and filed a counterclaim against Defendant approximately a week later.[4]

Plaintiff described his counterclaim as:

> a counterclaim against Bennett and the Bennett Law Firm for breach of contract, violations of the Deceptive Trade Practices Act, and breaches of fiduciary duty. Bennett has taken actions and made claims which are in violation with the terms of agreements with Alpert. He has also knowingly taken actions which are unconscionable or constitute false, misleading, or deceptive acts or practices in that he represented that his services had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities they did not have. Bennett has specifically taken actions to increase the fees and expenses in this case even after Alpert has paid all amounts conceivably owed, with Bennett's apparent purpose being to receive further benefit from fees and expenses which are being caused solely by Bennett's improper actions. Moreover, Bennet's actions in revealing confidences in an attempt to cause harm to Alpert in other venues also rise to the level of breach of fiduciary duty. Alpert seeks the return of the $187,053.03 he has paid to Bennett, enhanced damages as allowed by the DTPA and law, interest, and attorney's fees and expenses required to defend Bennett's actions and pursue this counterclaim which Alpert estimates will

---

[3] See Appendix, Docket Entry No. 45, "Demand for Arbitration" (BATES stamp no. 845).

[4] See id. at "Email from Bayless to Baird et al." (BATES stamp nos. 601-602); see also id. at "Online Filing Demand For Arbitration/Mediation Form" (BATES stamp no. 253).

be at least another $50,000.[5]

At a hearing on February 22, 2006, the arbitrator, J. Scott Sheehan ("Sheehan"), accepted the counterclaim over Defendant's objections and ordered Defendant to file an answer.[6] At a hearing held March 15, 2006, Sheehan reported that all parties:

> confirmed that all documents requested have been duly produced to the other side and that neither side is aware of any further documentation that is necessary, including certain documents that relate to "other litigation matters" that [Plaintiff] asserts are irrelevant and has not . . . produced. Based upon the foregoing, the parties affirmed that document production is complete.[7]

Sheehan also determined that "an exchange of witness lists is complete," and "discovery is deemed completed as of March 22, 2006."[8]

On April 11, 2006, Plaintiff's attorney appears to have requested that the arbitration scheduled for April 13th be postponed.[9] Defendant replied in an email that there was "[n]o need to reschedule," explaining that "by tomorrow this will all be behind us;" and on April 13-14, 2006, Sheehan conducted the

---

[5]   Id. at "Online Filing Demand For Arbitration/Mediation Form" (BATES stamp no. 253).

[6]   See id. at "Report from Preliminary Hearing #6 (February 22, 2006)" (BATES stamp no. 224).

[7]   Id. at "Report from Preliminary Hearing #7 (March 15, 2006)" (BATES stamp no. 524).

[8]   Id.

[9]   See Plaintiff's Response to Defendant's Cross-Motion for Summary Judgment ("Plaintiff's Response"), Docket Entry No. 50, Ex. 1, pp. 2, 4.

arbitration in Houston, Texas.[10]  The parties agreed that no record would be made of the arbitration proceeding.[11]

Six days later, Sheehan notified the parties that he awarded Defendant "no relief with respect to its claims except for a $7,500.00 setoff credit as determined by the arbitrator (none of which relates to time of attorney Ryan Hicks)."[12]  He determined further that, "The setoff credit shall be applied against the $98,410.97 in damages awarded to [Plaintiff] as set forth below," and that Defendant "shall bear its own attorneys' fees and expenses."[13]

Although he did not offer any explanation for the basis of his determination, Sheehan also awarded Plaintiff "attorneys' fees and expense damages of $98,410.97 related to this [arbitration] proceeding and the related lawsuit, less the setoff credit of $7,500.00 . . . for a net amount of $90,910.97."[14]  Defendant was also responsible for bearing the entire cost of the arbitration.[15]

On May 12, 2006, Plaintiff filed the instant lawsuit requesting that the court "confirm the award, and grant additional

---

[10]     See Plaintiff's Response, Docket Entry No. 50, Ex. 1, p. 3; Appendix, Docket Entry No. 45, "Award of Arbitrator."

[11]     See Appendix, Docket Entry No. 45, "Report from Preliminary Hearing #2 (January 18, 2006)" (BATES stamp no. 233).

[12]     Id. at "Award of Arbitrator."

[13]     Id.

[14]     Id.

[15]     Id.

attorney's fees, costs, and interest upon the award, as provided by law."[16] Defendant answered Plaintiff's complaint and filed a counterclaim.[17] Each party has submitted a motion for summary judgment, the final relevant response to which was received by the court on August 8, 2007.[18]

The motions are therefore ripe for consideration, and as this action is between citizens of different states with an amount in controversy of more than $75,000, Plaintiff's case is properly before this court on the basis of diversity jurisdiction. See 28 U.S.C. § 1332(a).

## II. Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, Tex., 337 F.3d 539, 540-41 (5th Cir. 2003). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be genuine,

---

[16] Original Complaint, Docket Entry No. 1, p.3.

[17] Original Answer of Defendant, the Bennett Law Firm, P.C. ("Original Answer"), Docket Entry No. 7; Defendant's Original Counterclaim, Docket Entry No. 15.

[18] See Plaintiff's Motion for Summary Judgment, Docket Entry No. 39; Defendant's Cross-Motion for Summary Judgment and Reply to Plaintiff's Motion for Summary Judgment ("Defendant's Cross-MSJ"), Docket Entry No. 42; Plaintiff's Response, Docket Entry No. 50.

the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party.  Id. at 250.

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues.  Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992).  If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment.  Celotex Corp., 477 U.S. at 322.  In response to a showing of lack of evidence, the party opposing summary judgment must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating that genuine issues of material fact do exist which must be resolved at trial.  Id. at 324.

When considering the evidence, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party."  Evans v. City of Houston, 246 F.3d 344, 348 (5th Cir. 2001); see also Boston Old Colony Ins. Co. v. Tiner Assocs. Inc., 288 F.3d 222, 227 (5th Cir. 2002).  The court should not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence."  Honore

v. Douglas, 833 F.2d 565, 567 (5th Cir. 1987).

## III.  Analysis

Federal law and Texas law both strongly favor arbitration. Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, and the Texas Arbitration Act ("TAA"), the court must confirm an arbitration award unless there are grounds for vacating, modifying, or correcting it.  See 9 U.S.C. § 9 ("at any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11"); Tex. Civ. Prac. & Rem. Code § 171.087 ("Unless grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091, the court, on application of a party, shall confirm the award.").

Grounds for attacking the confirmation of an arbitration award are extremely limited.  The FAA allows a court to vacate or modify an award in only four circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, . . . ;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

7

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10; cf. Tex. Civ. Prac. & Rem. Code § 171.088. Fifth Circuit jurisprudence also allows an award to be vacated if it was rendered with "manifest disregard of the law" or if it is contrary to public policy. See Kergosien v. Ocean Energy, Inc., 390 F.3d 346, 353 (5th Cir. 2004). Importantly, though, mere "failure of an arbitrator to correctly apply the law is not a basis for setting aside an arbitrator's award." Am. Laser Vision, P.A. v. Laser Vision Inst., L.L.C., 487 F.3d 255, 258 (5th Cir. 2007)(quoting Kergosien, 390 F.3d at 356); Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P., 105 S.W.3d 244, 252 (Tex. App.-Houston [14th Dist.] 2003, pet. denied). Nor will vacatur be supported by a determination that the court would have arrived at a different conclusion than that of the arbitrator. Kosty v. S. Shore Harbour Cmty. Ass'n, 2006 Tex. App. LEXIS 6421 (Tex. App.-Houston [1st Dist.] 2006, pet. denied); E. Tex. Salt Water Disposal Co. v. Hughes, 2006 Tex. App. LEXIS 1058 (Tex. App.-Tyler 2006, pet. denied).

In sum, judicial review of an arbitration award must be "exceedingly deferential" to the arbitrator and "extraordinarily narrow." Prestige Ford v. Ford Dealer Computer Servs., Inc., 324 F.3d 391, 393 (5th Cir. 2003). "Courts are not authorized to review the arbitrator's decision on the merits," and the U.S.

Supreme Court has instructed that the federal judicial system has "no business weighing the merits of" grievances submitted to arbitration or "considering whether there is equity in a particular claim" that was arbitrated. See United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 37 (1987); see also Kergosien, 390 F.3d at 358. "All reasonable presumptions are indulged in favor of the" arbitrator's decision, and none are indulged against it. Cvn Group v. Delgado, 95 S.W.3d 234, 238 (Tex. 2002); see also Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co., 918 F.2d 1215, 1218 (5th Cir. 1990)("The federal courts will defer to the arbitrators' resolution of the dispute whenever possible").

Here, Defendant urges the court to set aside the arbitration award based on allegations that Sheehan: 1) exhibited manifest disregard of the law, 2) failed to follow the AAA rules and his own rules, and 3) denied Defendant procedural due process. The court reviews these arguments below.

### A. Manifest disregard of the law

An award may be vacated on the basis of manifest disregard of the law only if the court finds that 1) the arbitrator's error was "obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator," and 2) "the award resulted in a significant injustice." Am. Laser Vision, 487 F.3d at 259. Additionally, the party requesting vacatur "must point to a controlling case with a clear rule ignored by the

arbitrator." <u>Apache Bohai Corp. LDC v. Texaco China Bv</u>, 480 F.3d 397, 408-409 (5th Cir. 2007).

Defendant's motion argues that "[n]o findings can support the award entered by the arbitrator based on any of the theories of recovery set out in the parties' arbitration statements," and then attempts to explain exactly why the award could not be premised on breach of contract, deceptive trade practices, or breach of fiduciary duty claims.[19] Defendant concludes that "the arbitrator's award requires contradictory findings to support both an award in favor of Bennett and in favor of Alpert," and therefore, "shows a complete disregard for the law."[20]

The court does not find this argument sufficient to support vacatur under the "manifest disregard standard." Fifth Circuit jurisprudence clearly holds that even an arbitrator's failure to apply the law correctly "is not a basis for setting aside an arbitrator's award." <u>See</u> <u>Kergosien</u>, 390 F.3d at 356. Arbitrators enjoy "broad leeway to fashion remedies," and the court will neither second-guess conclusions underpinning the arbitrator's award, nor will it attempt to determine if the award is free from error. <u>See</u> <u>Anderman/Smith Operating Co.</u>, 918 F.2d at 1219; <u>Am. Laser Vision</u>, 487 F.3d at 260.

Defendant's argument that the "arbitrator's award must be

---

[19]   <u>See</u> Defendant's Cross-MSJ, Docket Entry No. 42, pp. 10-14.

[20]   <u>See</u> <u>id.</u> at 15.

rationally explainable under the applicable law" is inapposite.[21] Simple uncertainty about the arbitrator's reasoning does not justify vacatur. See Sarofim v. Trust Co., 440 F.3d 213, 218 (5th Cir. 2006); Brabham v. A.G. Edwards & Sons, Inc., 376 F.3d 377, 385 (5th Cir. 2004). Defendant agreed that Sheehan "need not render a reasoned award," and decided that it was unnecessary for the arbitration proceedings to be recorded.[22] As the American Laser Vision court explained, "There are advantages and disadvantages in contracting for private resolution of a dispute announced without explanation of reason. When a party does so and loses, federal courts cannot rewrite the contract and offer review the party contracted away." Am. Laser Vision, 487 F.3d at 260.

For this court to find the manifest disregard of the law necessary for vacatur of an arbitral award, Defendant must show that the arbitrator was aware of a *particular* governing legal principle and did not follow it. A blanket accusation that Sheehan "apparently decided to ignore all fundamental legal principles under Texas law," is neither supported nor sufficient to satisfy this requirement.[23]

---

[21]   See id. at 14.

[22]   See Plaintiff's Motion for Summary Judgment, Docket Entry No. 39, "Commercial Arbitration Rules and Mediation Procedures," p. 12, R-42(b); see also Appendix, Docket Entry No. 45, "Report from Preliminary Hearing #2 (January 18, 2006)" (BATES stamp no. 233)("The parties advised that a standard form of award is sufficient").

[23]   See Defendant's Cross-MSJ, Docket Entry No. 42, p. 15.

Having failed to secure a record of the arbitration proceedings, and without any evidence aside from conjecture that Sheehan was aware of a certain rule, and instead "substitute[d] his own new, and as of yet unknown to others, legal standards," Defendant simply cannot make the necessary showing to avoid confirmation of the award.[24]  Therefore, its claim premised on manifest disregard of the law cannot form a basis for vacatur.

### B. Failure to follow AAA Rules

Defendant next contends that the award should be vacated because Sheehan failed both to follow the AAA rules and to enforce his own rulings related to the arbitration proceedings.  The court disagrees.

Arbitration "is a speedy and informal alternative to litigation, and, by its very nature, is intended to resolve disputes without confinement to many of the procedural and evidentiary strictures that protect the integrity of formal trials."  Prestige Ford, 324 F.3d at 394 (internal citations omitted).  "Rigorous procedural limitations" should not be imposed on the process, and a court "must resist the temptation to condemn imperfect proceedings without a sound statutory basis for doing so."  Id.

The parties, here, agreed to follow the rules established by

---

[24]  The court does not address the second step of the "manifest disregard" analysis (whether the award would result in "significant injustice") because that step is undertaken only when it has been determined, first, that the arbitrator manifestly acted contrary to the applicable law.

the AAA for expedited commercial disputes.[25] These guidelines vest the arbitrator with broad discretion to direct the proceedings once he is appointed to decide the dispute. Rules R-6 and E-2 explicitly allow parties to submit new or different claims or counterclaims with the consent of the arbitrator.[26] Rule R-21(c) grants the arbitrator authority "to resolve any disputes concerning the exchange of information" among the parties.[27]

Although Defendant now complains that the arbitrator allowed Plaintiff to file a counterclaim less than forty-five days before the arbitration hearing commenced, and that Sheehan "declined" Defendant's request to order Plaintiff to answer certain "interrogatory type" questions and "failed to enforce his rule requiring the parties to cooperate and file a joint marked exhibit list and chronology," the record does not support a determination that any of these actions violated the AAA rules. Each decision alleged by Defendant appears to be well within the province of the arbitrator under the AAA rules.

Furthermore, even if the court did find that the rules were violated, Defendant provides the court with absolutely no legal standard that would lead to vacatur under those circumstances.

---

[25] See Defendant's Cross-MSJ, Docket Entry No. 42, pp. 15-16.

[26] See Plaintiff's Motion for Summary Judgment, Docket Entry No. 39, "Commercial Arbitration Rules and Mediation Procedures," p. 7, R-6; id. at 14, E-2.

[27] See id. at 10, R-21(c).

Rather, Defendant merely declares, without any appeal to legal authority, that "[a]n award based on this procedural anarchy cannot be confirmed."[28]

Finding, therefore, that Defendant's arguments are insufficient to overcome the strong presumption in favor of confirming an arbitration award, the court cannot vacate the arbitrator's decision on this basis.

### C. Due Process

Lastly, Defendant argues that it was denied a fair hearing during the arbitration proceedings, complaining that it was denied "the right to learn of the specifics of the charges against [it] so that [it] could be afforded a fair opportunity to prepare and present a defense."[29]

Although arbitrators "need not follow all the niceties observed by the federal courts," the parties to an arbitration must be granted "a fundamentally fair hearing." See Totem Marine Tug & Barge, Inc. v. North American Towing, Inc., 607 F.2d 649, 651 (5th Cir. 1979); see also Teamsters, Chauffeurs, etc., Local Union 657 v. Stanley Structures, Inc., 735 F.2d 903, 906 (5th Cir. 1984)("Our review is restricted to determining whether the procedure was fundamentally unfair"). "A fundamentally fair hearing is one that meets 'the minimal requirements of fairness' - adequate notice, a

---

[28] See Defendant's Cross-MSJ, Docket Entry No. 42, p. 18.

[29] See id.

hearing on the evidence, and an impartial decision by the arbitrator."  See <u>Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara</u>, 364 F.3d 274, 298-299 (5th Cir. 2004)(in the context of confirming a foreign arbitral award).

While Defendant asserts, here, that it was not given proper notice of the counterclaims brought by Plaintiff, Defendant can produce no record evidence in support of that argument.  The arbitrator's hearing report from March 15, 2006, states:

> Both sides confirmed that all documents requested have been duly produced to the other side and that neither side is aware of any further documentation that is necessary, including certain documents that relate to "other litigation matters" that [Plaintiff] asserts are irrelevant and has not . . . produced.  Based upon the foregoing, the parties affirmed that document production is complete.[30]

Also, the record appears to demonstrate that Defendant, even after being asked to postpone the arbitration hearing, decided that there was "[n]o need to reschedule."[31]

Defendant then participated in the arbitration on April 13-14, 2006; and it has submitted no summary judgment evidence indicating that it objected to the fundamental fairness of the hearing at that time.[32]

Considering that Defendant is unable to demonstrate to the

---

[30] Appendix, Docket Entry No. 45, "Report from Preliminary Hearing #7 (March 15, 2006)" (BATES stamp no. 524).

[31] See Plaintiff's Response, Docket Entry No. 50, Ex. 1, p. 3.

[32] See Appendix, Docket Entry No. 45, "Award of Arbitrator."

court that it failed to receive either adequate notice of the claims brought against it, a hearing based on the evidence, or an impartial decision by the arbitrator, it is unable to persuade the court that the award should be vacated. When parties choose to participate in an extra-judicial process that contracts away much of the structure that otherwise may allow for a meaningful review, federal courts are simply unable to reach back in time and reassess the outcomes of that abbreviated procedure. See Am. Laser Vision, 487 F.3d at 260.

### D. Plaintiff's Motion for Summary Judgment

Plaintiff's motion maintains that the arbitration award issued by Sheehan is valid and must be confirmed by the court. Having found no grounds for vacating, modifying, or correcting the award, the court concurs with Plaintiff's reasoning. Plaintiff's motion also includes a request for attorney's fees of $25,000.00 accompanied by an affidavit in support of the calculation of the costs incurred.[33] Defendant does not challenge the reasonableness of these fees, and the court finds such an award to be appropriate.

### IV. Conclusion

Based on foregoing law and analysis, Plaintiff's motion for summary judgment is **GRANTED,** and Defendant's cross motion for summary judgment is **DENIED.**

---

[33] See Plaintiff's Motion for Summary Judgment, Docket Entry No. 39, p.6; id. at Ex. B, "Affidavit of Bobbie G. Bayless."

**SIGNED** in Houston, Texas, this 21st day of August, 2007.

_____
Nancy K. Johnson
United States Magistrate Judge